

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| V. ) | Criminal No. 1:12CR206 |
| ) | |
| HONG NHUNG NGOC TANG, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Re: Petition of Sang Van Tang ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Sang Van Tang's ("Petitioner") "Petition For Remission or Mitigation of Forfeiture" pursuant to Title 18, U.S.C. Section 983. Because the Petitioner initially filed a Petition For Remission or Mitigation of Forfeiture with the Drug Enforcement Administration (DEA), this Court is without jurisdiction and the instant Petition must be dismissed.

Given that the Petitioner filed the instant Petition with this Court, it is possible that she intended to file the Petition under 21 U.S.C. § 853(n)(2), which allows for the filing of petitions of interest in property by third parties, rather than 18 U.S.C. § 983, the civil forfeiture statute indicated in her Petition. To prevail under 21 U.S.C. § 853(n)(6), a petitioner must establish either that she has a

1

superior right, title, or interest in the property that arose prior to the criminal acts giving rise to the property's forfeiture or that she is a bona fide purchaser for value of the property without cause to believe the property was subject to forfeiture at the time of purchase. 21 U.S.C. § 853(n)(6). United States v. Schecter, 251 F.3d 490, 494 (4th Cir. 2001).

However, the Petitioner's appeal to this Court comes too late as the DEA has already considered and denied her Petition For Remission or Mitigation of Forfeiture and declared the vehicle forfeited. Thus, this Court is without jurisdiction to grant the Petition. Phillips v. United States, 465 Fed. Appx. 700, 2012 WL 70327 (9th Cir. Jan. 10, 2012)(claimant who files remission petition instead of claim waives his right to judicial determination of the forfeiture), cert. denied, 133 S.Ct. 451 (2012).

The Civil Asset Forfeiture Reform Act (CAFRA) limits judicial review of administrative forfeitures to determining whether a claimant received sufficient notice of the proceedings. See 18 U.S.C. § 983(e)(1). Even prior to the enactment of CAFRA, the Court of Appeals only reviewed forfeitures for the adequacy of the adjudicatory process. See United States v. Minor, 228 F.3d 352, 356-58 (4th Cir. 2000) (court reviewed adequacy of notice); see also Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (noting

court could review adequacy of notice but not the merits); Chairez v. United States, 355 F.3d 1099, 1102 (7th Cir. 2004) ("Because [claimant] never filed a claim for the money before the forfeiture, the district court's jurisdiction in this action was limited; the court could not inquire into the propriety of the forfeiture but could decide only whether the notice procedures complied with due process.").

"Once notified, interested parties may choose to allow the forfeiture to proceed administratively or may compel the government to initiate a judicial forfeiture action by filing a claim for the property." See Malladi Drugs & Pharm., Ltd. v. Tandy, 552 F.3d 885, 887 (D.C. Cir. 2009). This decision has consequences; where a party elects to forego the legal remedy and chooses the administrative remedy, the claimant "waive[s] [his] opportunity for judicial forfeiture proceedings during the administrative process . . . [and] may not [later] attempt to correct [his] choice of remedy in federal court." Malladi, 552 F.3d at 890 (denying relief where claimant had elected to use the administrative process and subsequently failed to file a timely claim).

Thus, if the claimant files a remission petition instead of a claim, the court lacks jurisdiction to review the denial of the petition. United States v. Shigemura, 664 F.3d 310, 312 (10th Cir. 2011) (the denial of a remission petition by a

federal agency is not subject to judicial review); Reyna v. United States, 180 Fed. Appx. 495, 496 (5th Cir. 2006) (district court correctly ruled that it lacked jurisdiction to review merits of administrative forfeiture where claimant was properly noticed but chose to file a remission petition instead of a claim); Tourus Records v. DEA, 259 F.3d 731, 735 (D.C. Cir. 2001) (court has jurisdiction under 21 U.S.C. § 877 to review DEA's refusal to grant in forma pauperis waiver of cost bond, but cannot review denial of remission petition); Martin v. Leonhart, 717 F. Supp.2d 92, 99-100 (D.D.C. 2010) (following Malladi; if claimant files only a remission petition and does not file a claim, the court lacks jurisdiction to review DEA's denial of the petition and its entry of a declaration of forfeiture); In re Search Warrants for 27867 Orchard Lake Rd., 553 F. Supp. 2d 879, 885 (E.D. Mich. 2008)(district court lacks jurisdiction to review DEA's denial of claimant's remission petition; review is limited to due process violations); Rubio v. United States, 2006 WL 1292129, *3 (S.D. Tex. 2006) (same; claimant received all the process he was due when he was given the option of filing a remission petition or a claim under section 983(a)(2); because he filed a remission petition, he has no grounds for judicial review); Laconia Savings Bank v. United States, 116 F. Supp. 2d 248, 256 (D.N.H. 2000) (when claimant chooses to file remission petition instead of filing claim,

4

court is without jurisdiction to review the denial of the petition on the merits or consider any constitutional claims even if denial was an abuse of discretion).

For the foregoing reasons, the Petitioner's Petition For Remission or Mitigation of Forfeiture must be dismissed.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June 25, 2013